UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 15 |
| | ) | |
| MARK MANNING, | ) | CASE NO. 20-04558 |
| | ) | |
| | ) | |
| DEBTOR. | ) | HON. TIMOTHY A. BARNES |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on **Wednesday, March 4, 2020 at 10:00 a.m.**, I shall appear before the Honorable Timothy A. Barnes, Bankruptcy Judge, in Courtroom 744 at the **Everett McKinley Dirksen Federal Building, 219 S. Dearborn St., Chicago**, Illinois, or before any other Bankruptcy Judge who may be sitting in his place and shall present the **MOTION FOR ENTRY OF AN ORDER DIRECTING MARK MANNING TO SHOW CAUSE WHY THIS CHAPTER 15 PETITION SHOULD NOT BE DISMISSED,** a copy of which is attached hereto and is herewith served upon you.

*/s/ Ha M. Nguyen*
Ha M. Nguyen
Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
219 S. Dearborn Street, Room 873
Chicago, Illinois 60604
(312) 886-3320

**CERTIFICATE OF SERVICE**

I, Ha M. Nguyen, an attorney, state that on February 26, 2020, pursuant to Local Rule 9013-1(D) the **Notice of Motion** and **MOTION FOR ENTRY OF AN ORDER DIRECTING MARK MANNING TO SHOW CAUSE WHY THIS CHAPTER 15 PETITION SHOULD NOT BE DISMISSED** were filed and served on all parties, either via the Court's Electronic Notice for Registrants or via First Class Mail, as indicated on the service list below.

*/s/ Ha M. Nguyen*

## SERVICE LIST

**Parties Served via First Class Mail:**

**Mark Manning**
1245 N. Lockwood
Chicago, IL 60651

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 15 |
| | ) | |
| MARK MANNING, | ) | CASE NO. 20-04558 |
| | ) | |
| | ) | |
| DEBTOR. | ) | HON. TIMOTHY A. BARNES |

**MOTION FOR ENTRY OF AN ORDER DIRECTING MARK MANNING TO SHOW CAUSE WHY THIS CHAPTER 15 PETITION SHOULD NOT BE DISMISSED**

Patrick S. Layng, the United States Trustee for the Northern District of Illinois, by his attorney, Ha M. Nguyen, hereby moves for entry of an order (a) requiring Mark Manning (the "Debtor")[1] to show cause why this Chapter 15 petition should not be dismissed and (b) providing other and further appropriate relief. In support of his request, the U.S. Trustee states to the Court as follows:

**JURISDICTION**

1. The Court has jurisdiction to hear and determine this proceeding under 28 U.S.C. § 157(b)(2)(A) and IOP 15(a) and Local Rule 40.3.1. of the United States District Court for the Northern District of Illinois.

2. The moving party is the U.S. Trustee for the Northern District of Illinois and he is charged with supervising the administration of bankruptcy cases, including Chapter 15 cases, pursuant to 28 U.S.C. § 586(a)(3). The U.S. Trustee has standing to bring this motion under 11 U.S.C. § 307.

---

[1] The term "debtor" is defined in Section 1502. The usage of the term the "Debtor" herein is not a concession that the Debtor qualifies as a "debtor" as defined by Section 1502(1).

3

## BACKGROUND

3.     On February 19, 2020, Mark Manning (the "Debtor") initiated this case by filing a Chapter 15 Petition for Recognition of a Foreign Proceeding (the "Petition").

4.     On the Petition, the Debtor listed "International Organization Foreign Grantor – Mark Manning #98-6087069" as the foreign representative and "IRS – SS4 Living phone request" as the foreign proceeding.

5.     The Debtor indicated on the Petition that the "United States DC" is the country where the debtor has the center of its main interest. The address of record is 1245 N. Lockwood Avenue, Chicago, 60651 in the Republic of the United States of America.

6.     On February 24, 2020, the Debtor filed a Notice of Filing and Attachment [sic] to Petition at Docket No. 7, which is attached hereto as Exhibit A. The filing includes the following attachments: (1) SF 30, 1414, 1415, 1416, 1418; (2) Uncontested Eminent Domain; (3) Apostille Birth Certificate Stamped and Endorsed; and (4) Article 4 Plus Attestation and 1795.

7.     The filing raises several questions and contains various statements including "As the **Plaintiff: I am** standing as **a RE-PUBLIC Article 4 'American Public Government Official" In Law** to present my **American Public Official of Age – Order** to this **American Public Article III Employee – District Court.**" Exhibit A, at 3 (emphasis in original).

8.     Lastly, the Debtor did not pay the filing fees of $1717 for this Chapter 15 case. On the Petition, the Debtor states: "I, (Mark L Manning) American Article 4 Government hereby appoint the Chief Judge of the Northern District Court to settle all Taxes and filing Fees ($1717 plus Class fees) of the chapter 15 Bankruptcy from the Performance and Payment Bonds." Docket No. 1, pg. 22 (capitalization in original).

**APPLICABLE LEGAL STANDARDS**

9. Section 1501(a) states that the purpose of Chapter 15 "is to incorporate the Model Law on Cross-Border Insolvency so as to provide effective mechanism for dealing with cases of cross-border insolvency…" Section 1501(b) further states that Chapter 15 applies in the following circumstances:

> (1) assistance is sought in the United States by a foreign court or a foreign representative in connection with a foreign proceeding;
> (2) assistance is sought in a foreign country in connection with a case under this title;
> (3) a foreign proceeding and a case under this title with respect to the same debtor are pending concurrently; or
> (4) creditors or other interested persons in a foreign country have an interest in requesting the commencement of; or participating in, a case or proceeding under this title

10. Section 1504 provides that "a case under this chapter is commenced by the filing of a petition for recognition of a foreign proceeding under Section 1515". In turn, Section 1515(a) provides that a foreign representative may apply to the court for recognition of a foreign proceeding in which the foreign representative has been appointed. Section 1515(b) set forth the documents that must be attached to the petition for recognition evidencing the existence of a foreign proceeding and the appointment of the foreign representative. *See* 11 U.S.C. § 1515(b)(1)-(3).

11. Section 105 provides, in relevant parts, that the Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. Specifically, Section 105(d)(1) allows the Court, on its own motion or on the request of a party in interest to "shall hold such status conferences as are necessary to further the expeditious and economical resolution of the case."

**RELIEF REQUESTED**

12.  The U.S. Trustee, in carrying out his duties to supervise the administration of cases, has reviewed the Petition and <u>Exhibit A</u>. Based on the information provided by the Debtor, the Debtor is not a "foreign representative" and a "foreign proceeding" was not commenced in a "foreign court."[2] Additionally, Section 1501(b) is not applicable to the present case because it appears that the Debtor resides in the United States of America. Specifically, the Debtor's address of record is 1245 N. Lockwood Avenue, in Chicago Illinois.

13.  Based on the above, the U.S. Trustee respectfully requests that the Court enter an order directing the Debtor to appear before the Court and requiring him to show cause why this Chapter 15 Petition should not be dismissed for noncompliance with Sections 1501 and 1515. The U.S. Trustee requests this order pursuant to the Court's inherent authority and statutory authority under Section 105(d)(1). If the Debtor fails to appear as directed and does not show cause why his Chapter 15 petition should not be dismissed, the U.S. Trustee requests that the Court enter an order dismissing this case and for such other relief as this Court deems just.

RESPECTFULLY SUBMITTED:

PATRICK S. LAYNG
UNITED STATES TRUSTEE

DATED: <u>February 26, 2020</u>     By: <u>*/s/ Ha M. Nguyen*</u>
Ha M. Nguyen, Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
219 S. Dearborn Street, Room 873
Chicago, Illinois 60604
(312) 886-3320

---

2  Section 1502 provides definitions, including "debtor," "foreign court" and "foreign main proceeding."